Sneed, J.,
delivered the opinion of the court.
The complainant, by bill of review, seeks to re-verse a decree rendered in the Chancery Court at Jonesboro, at the November term, 1868, for alleged errors of law on the face of said decree.
The original bill was filed on the 29th of June, 1865, against the defendants, alleging that they were unlawfully trespassing upon the complainant’s land by cutting his timber, a large quantity of which they had already cut, and prays an attachment and injunction, and that an account be ordered to ascertain the damage sustained by the complainant.
The defendants justified under an alleged military authority of the U. S. Government, which they say was in control of the railroad then being operated by the army, which was still occupying the country, and that the timber thus taken was for the use of the railroad.
It appears that the cause was heard upon the pleadings and proof. The complainant alleges that a portion of the costs were wrongfully adjudged against him, and complains of an error of law alleged to be contained in the following clause of the final decree *476 in behalf of defendants, and for which he prays to have said decree reviewed. The clause is as follows: “And it further appearing to the Chancellor, under the plea of justification and the laws of the United States, and by military authority acting thereunder, that the said defendants were acting under such authority from the military authorities, . . as provided for by the Acts of Congress in such cases made and provided, it is therefore ordered, adjudged and decreed by the court that said bill be dismissed.” The decree goes on to apportion the costs between the parties, taxing one-half thereof to complainant. An appeal was thereupon prayed by complainant to this court, but he failed to give bond, and, on the 7th of August, 1871, filed this bill of review. A demurrer was allowed by the Chancellor, and the complainant has appealed.
The grounds of this jurisdiction in a court of chancery are well established. There must be errors of law apparent upon the fac.e of the decree, or some new matter of fact relevant to the case which has arisen since the enrollment, which could not with reasonable diligence have been discovered before. The error of law, as is held in some of the authorities, must appear in the body of the decree, without further explanation of matters of fact: 2 John’s Ch. R., 448; Cooper’s Eq. Pl., 89. But under our practice, the pleadings in the original cause may be looked to, and if admitted facts show that there is error of law in' the conclusions drawn from those facts, the bill of review will lie. It will not lie to correct the con- *477 elusions of the court as to matters of fact as they appear upon the face of the decree: 5 Sneed, 661. The doctrine is thus stated in the standard authorities: “The error complained of must not be a mere error in the decree, as on a mistaken judgment, which in effect would render a bill _ of review a mere substitute for an appeal, but it must be for an error apparent on the face of the decree, as in the case of an absolute decree against an infant.” Adams’ Eq., 416; 2 Daniel’s Ch., 1632. “It will not lie simply to correct an error in the taxation of costs, and especially in a case where the taxation of costs is matter of discretion with the court rendering the decree.” Clark v. Clark, 4 Hay., 36. “The question, it is said, is not whether the cause is well decided, but whether the decree is right or wrong on the face of it.” 17 Ves., 178. “And taking the facts to be as stated on the face of the decree, it must appear that the conclusions of law are erroneous.” 3 Sneed, 400; 3 Daniel’s Ch., 1727; Story’s Eq. Pl., 407; Hicks’ Manual Ch. Pr., 420, et seq.
Applying these principles to the facts before us, was the demurrer in this case properly allowed?
The chief ground of demurrer is, that the bill seeks to correct the conclusions of the Chancellor as to matters of fact. The Act of 1835, ch. 20, sec. 15, which provides that in all .cases of bills of review filed to review the decision of a case in chancery, the depositions and exhibits that were read in the hearing of the cause shall be considered a part of the record, as if the same were transcribed and incorporated with *478 the decree, has been construed by this court, and it was held that by that Act no new ground for a bill of review was introduced, nor does it modify or enlarge the grounds of review stated in Lord Bacon’s ordinance. Eaton v. Dickinson, 3 Sneed, 406. We will not question the authority of that case, which, whatever may be said of its boldness, is nevertheless to be commended for its exhibition of fealty and attachment for the safe and ancient landmarks of the law.
It must be conceded, that when there are so many ways provided for the correction of errors in the inferior tribunals and for their correction here, the policy of opening an entire case upon its merits under a bill of review is of questionable propriety, and such a practice could not but prove disastrous to the interests of public justice. Under the English practice the substance of all the pleadings was embodied in the decree, and under our own practice it is “admissible,” as this court has held, “to compare the decree with the pleadings in order to see whether the former is consistent with the latter; for if it be not so, this would constitute error on the face of the decree.” 3 Sneed, 401. Now, in this case, the substance of the pleadings in the original cause is given in the bill, and the demurrer admits that the pleadings are correctly given. The defense relied on by the defendants to the bill was, that they acted under military orders, and they justify under a paper, which is made an exhibit to their answer, in the words' following :
*479 “Knoxville, Tenn., May 9, 1865.
- “ James S. Beard is hereby authorized to cut wood for the U. S. military railroad on the lands of Joseph Burts, John Lyle and Dillard Love, by order of the superintendent. D. Y. Brown, wood agent.”
This is the alleged “military order” under which the defendants justify, and this may be considered, in connection with the decree, as a part of the record. The decree assumes a justification for the defendants under military orders and the laws of war for an alleged trespass to complainant’s lands. The bill charges that no war actually existed within the borders of the State at that time; that peace prevailed, and the civil authority had resumed its sway. But we judicially know that the war had just closed, and it appears that the army of the United States still occupied the country and was operating the railroad. The ‘ transportation of large armies and military stores so near to the conflict of arms, made it necessary to continue the exercise of some of the powers and restraints of the laws of war, so far as the actual necessities of the army' demanded, in the country thus occupied. The decree assumes that such restraint did exist, and that the defendants were justified under military authority. Upon its face, therefore, the decree cannot be said to contain error of law, for the courts would be bound to recognize military compulsion as a valid defense. But the facts upon which the decree is founded are admitted by the demurrer to be correctly stated in the pleadings, and taking the decree and the pleadings together, we must de *480 termine whether there be error of law in the decree. In the ease of Merritt v. Nashville 5 Col., 100, it was said that permission to do an act is not compulsion, and that the Acts of Congress of May, 1866,, and March, 1863, afford no protection to those acting voluntarily and for their own benefit. And in a subsequent case it was held, that in time of peace, or at a distance from the scenes of military operations, no discretion to forcibly take and appropriate private property is confided to military commanders. They must buy like others: Taylor v. N. & C. R. R. Co., 6 Cold., 663. Now, there can be no pretense, upon the facts set forth in the pleadings, that any such thing as military compulsion existed in this case, for the paper only imports on its face a permission to do the act complained of, and even this is not a license to do it emanating from any recognized military authority. Hence we conclude that in the decree there is error of law in the conclusions of the Chancellor upon the facts.
The decree will be reversed, the demurrer disallowed, the decree in the original cause vacated and annulled, and the case remanded for an account as prayed.